IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40367

Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR MANUEL DOMINGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

(USDC No. L-95-CR-241-01)

December 3, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Victor Manuel Dominguez appeals his conviction for possession
of marijuana with intent to distribute.  He rests his argument on
the Fourth Amendment and contends that the district court erred
when it decided not to suppress three bags of marijuana that police
discovered at his home.

_____

    [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Law enforcement officials received an anonymous tip that Dominguez had stored marijuana in the attic of his residence. When they arrived at his house, they found that Dominguez was not at home. The officers informed Dominguez's wife that they had reason to believe that marijuana was being stored in the house, and she gave written consent for police officers to conduct "un registro completo" — a complete search — of the structure. When asked, she informed them that the house did not have an attic. The officers quickly discovered, however, a two-foot by four-foot piece of sheetrock covering part of the ceiling of an interior hallway and held in place by a single screw. They easily removed the screw, detached the sheetrock, and retrieved nearly sixty kilograms of marijuana from the crawl space between the ceiling and the roof. In the face of this evidence, Dominguez pled guilty to one count of possession with intent to distribute.

Dominguez does not challenge the effectiveness of his wife's consent. His only argument is that the search of the space between the ceiling and the roof fell outside of the scope of her consent. After conducting a suppression hearing, the district court issued an order upholding the legality of the search.

We agree with the district court that the consent given by Dominguez's wife permitted the officers to search above the ceiling by removing a single screw from the sheetrock panel. We inquire: "what would the typical reasonable person have understood by the exchange between the officer[s] and [Ms. Dominguez]?" Florida v.

2

Jimeno, 500 U.S. 248, 251 (1991).  This question would be more difficult if the officers had needed to resort to "structural dismantling" in order to gain access to the area above the ceiling.  See United States v. Ibarra, 965 F.2d 1354, 1355 (5th Cir. 1992) (en banc) (affirming by an evenly divided court the suppression of evidence obtained by taking a sledgehammer to boards that had been used to seal off the entrance to an attic).  But there was nothing destructive about the officers' efforts.  There was no more reason to think that Ms. Dominguez would object to removing the sheetrock panel than to think that she would object to looking behind a piece of furniture.  And the officers did not have a duty to conduct their search in plain view of Ms. Dominguez so that she could narrow her consent as the officers proceeded through the house.  United States v. Rich, 992 F.2d 502, 507 (5th Cir.), cert. denied, 510 U.S. 933 (1993).  Ms. Dominguez understood English, and one of the officers spoke Spanish; Ms. Dominguez could have withdrawn or limited her consent at any time.

Consequently, a reasonable on-looker would have understood her consent to a complete search to include a search of the area above the ceiling so long as the officers did not cause property damage in conducting their search.  See also United States v. Flores, 63 F.3d 1342, 1362 (5th Cir. 1995) (holding that consent to search a vehicle included consent to unscrewing two screws in order to remove vent panels), cert. denied, 117 S. Ct. 87 (1996); United States v. Saadeh, 61 F.3d 510, 518 (7th Cir.) (holding that consent

3

to search the general premises included consent to search inside of a locked tool box and a desk drawer), <u>cert. denied</u>, 116 S. Ct. 521 (1995).

AFFIRMED.